IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

MARK MILLER,

                 Plaintiff,                 OPINION & ORDER

  v.

                                                   12-cv-635-wmc

CAROLYN COLVIN,

                 Defendant.
───────────────────────────────────────────────────────────────

      Plaintiff Mark Miller sought judicial review of a final decision from the Commissioner of the Social Security Administration denying his application for Social Security Disability Insurance Benefits and Supplemental Security Income. He prevailed, and this court reversed and remanded his case for further proceedings. Miller now seeks attorney's fees as the prevailing party pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Specifically, he requests fees of $3,600.00, arrived at by multiplying $225 per hour times the 16.0 hours his counsel devoted to this case.[1] While the court agrees that Miller is entitled to his fees, he has not met his burden to show that the $225 hourly rate is appropriate. Accordingly, the court will grant his motion only in part.

      Under the EAJA, a party may recover "reasonable fees and expenses of attorneys" in cases brought against the Commissioner if: (1) he was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make such an award unjust; and (4) the application for fees was timely filed with

───────────────

[1] Miller's initial request was for $3,487.50 for 15.5 hours. In his reply, he requested an additional $112.50 for the 0.5 hours his counsel spent reviewing the Commissioner's objections and drafting the brief reply.

the court. *See* 28 U.S.C. § 2412(b); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006) (citing 28 U.S.C. § 2412(d)(1)(A), (B); *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003)). The Commissioner does not oppose the award of fees on these grounds, and the hours recorded appear to be reasonable. (*See* dkt. #22-1.) The Commissioner *does* object, however, that Miller has not shown he is entitled to attorney's fees at the $225 rate.

The EAJA caps the rate for attorney's fees at $125 per hour, unless the court determines that either an increase in the cost of living or some "special factor" justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). "The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011), overruled on other grounds by *Sprinkle v. Colvin*, No. 13-3654, 2015 WL 301182 (7th Cir. Jan. 23, 2015).[2] Miller argues that his attorneys specialize in Social Security disability law and have been representing claimants in federal courts for many years. In support of the higher rate, Miller directs the court to the Laffey Matrix, a chart of average hourly rates for attorneys in the Washington, D.C. area, which is published annually by the U.S. Attorney's Office to help courts determine reasonable fees for fee-shifting statutes. He also submits two affidavits, one from his own attorney and one from another attorney with experience in Social Security disability law, both of which attest to the reasonableness of a $225 per hour rate.

---

[2] *Sprinkle* was decided after the parties' briefing was complete and alters the standard for determining whether an increase in the cost of living justifies a higher hourly rate under the EAJA. *See Sprinkle*, 2015 WL 301182, at *5 ("[I]n order to obtain a cost-of-living adjustment, a claimant need not prove the unavailability of counsel willing to take the case for less than the amount requested . . . in addition, we find that EAJA claimants should not be required to prove the effect of inflation on their individual attorney's costs in order for a judge to find that an increase in the cost of living justifies a higher fee."). While *Sprinkle* alters the standard of proof for cost-of-living adjustments, it does not appear to change the "special factor" analysis in any way. Thus, *Sprinkle* does not change the court's analysis here because Miller does not argue for a cost-of-living adjustment.

Last month, in *Johll v. Colvin*, No. 13-cv-630-jdp, 2014 WL 6607463 (W.D. Wis. Nov. 19, 2014), this court addressed similar, if not identical, arguments in a case against the Commissioner.[3] Pointing out that "the Seventh Circuit is skeptical about relying on the Laffey Matrix to determine reasonable fees for attorneys who practice outside of the D.C. area," *id.* at *2 (citing *Montanez v. Simon*, 755 F.3d 547, 554 (7th Cir. 2014)), and that the matrix does not even apply to cases in which the hourly rate is subject to a statutory cap, *id.*, District Judge James D. Peterson rejected the plaintiff's reliance on this matrix. Furthermore, Judge Peterson noted, "'reasonableness' is not the test under the EAJA. A plaintiff seeking above-cap rates for his attorney must demonstrate that his particular case could only be handled competently by one of a narrow class of specialists who charge more than $125 per hour." *Id.* The simple fact that an attorney might routinely perform Social Security disability work is not sufficient to meet that standard. *See id.* (citing *Raines v. Shalala*, 44 F.3d 1355, 1361 (7th Cir. 1995) ("[T]he area of social security law cannot in itself by considered such a specialized area of law practice as to warrant, as a general rule, payment in excess of the [EAJA] rate.")); *see also Mathews-Sheets*, 653 F.3d at 564 ("[I]f being a specialist is a sufficient ground for a fee award above the statutory presumptive ceiling, the ceiling is a dead letter.").

The court finds the reasoning and analysis in *Johll* persuasive. While a rate above $125 per hour may well be reasonable in any given case, that possibility hardly constitutes a "special factor" under the EAJA that justifies going above the statutory cap. Since Miller has offered no other reason to increase the fee rate, the court will enter an order awarding

---

[3] *Johll*, like the present case, involved a plaintiff's request for higher fees based on a "special factor," not a cost-of-living adjustment. 2014 WL 6607463, at *1.

Miller attorney's fees for 16.0 hours of work, at a rate of $125 per hour, for a total award of $2,000.00.

Finally, as in *Johll*, Miller requests that the fees be paid directly to his counsel "if permitted under law." (*See* Br. Supp. (dkt. #19) 5.) "The Supreme Court has held 'that a § 2412(d) fees award is payable *to the litigant*." *Johll*, 2014 WL 6607463, at *3 (emphasis added) (quoting *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010)). Noting this precedent, "the Seventh Circuit has nevertheless authorized payment of EAJA fees directly to an attorney in cases where a plaintiff has assigned his claim for fees to his lawyer." *Id.* (citing *Mathews-Sheets*, 653 F.3d at 565-66). Unfortunately, Miller has pointed to no such assignment, and so the court cannot award fees directly to his attorneys. As in *Johll*, however, the court will give Miller one week to advise the court whether he has assigned his claim to attorney's fees to his counsel. If so, the court will enter a corresponding order; if not, then the court will enter judgment stating that all fees are to be paid directly to Miller himself.

ORDER

IT IS ORDERED that:

1) Plaintiff Mark Miller is awarded reasonable attorney's fees in the amount of $2,000.00, consistent with this order.

2) Plaintiff may have until February 11, 2015, to advise the court whether he has assigned his claim to fees to his attorneys. Should he fail to do so, the clerk's office will enter judgment stating that the fees are to be paid directly to Miller.

Entered this 4th day of February, 2014.

BY THE COURT:
/s/
_____
WILLIAM M. CONLEY
District Judge